UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE A. ESPINOZA,<br><br>   Plaintiff,<br><br>  v.<br><br>RALPH DIAZ, et al.,<br><br>   Defendants. | Case No. 19-cv-02115-EMC<br><br>**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Docket No. 2 |

This is a *pro se* prisoner's civil rights action in which Plaintiff complains of the integration of several groups at the Correctional Training Facility in Soledad. Plaintiff alleges in the complaint filed on April 15th that prison officials merged the prisoners in the Special Needs Yard (SNY), formerly known as protective custody, with the General Population (GP) prisoners in 2018. As a result of the merger, there was a "major riot" that resulted in "multiple injuries." Docket No. 1 at 3. He alleges that this "planned merger" "would place Plaintiff at serious risk of harm," *id.* – a confusing allegation, given the allegation that the merger already occurred. In his prayer for relief, Plaintiff requests an injunction preventing the merger of SNY and GP prisoners and a declaration that defendants' actions violate his Eighth Amendment rights. *Id.*[1]

This matter is now before the Court for consideration of Plaintiff's motion for a temporary restraining order (TRO) and injunction prohibiting Defendants and persons acting on their behalf "from merging or mixing the Sensitive Needs Yard and/or STG Fresno Bulldog prisoners with the General Population prisoners" at CTF-Soledad. Docket No. 4 at 2; Docket No. 2.

---

[1] The complaint and motion for a TRO are virtually identical to at least ten other cases filed recently by prisoners at the CTF-Soledad. *See, e.g., Ruiz v. Diaz*, No. 19-cv-1928 LHK; *Alvarez v. Diaz*, 19-cv-1968 WHA; *Saenz v. Diaz*, 19-cv-2031 WHO.

A temporary restraining order preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that a court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008). The standards for a temporary restraining order are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff must demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20.[2] The irreparable injury must be both likely and immediate. *See id*. at 22; *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.")

Plaintiff is not entitled to a TRO or preliminary injunction to prevent the merger of the different prisoner populations. There are several problems with his motion.

First, the request to prevent the merger of the different prisoner groups appears to be moot because Plaintiff alleges in his verified complaint that the merger occurred in December 2018. *See* Docket No. 1 at 3. Injunctive relief would not be able to prevent an event that has already occurred.

Second, at least part of the dispute that forms the basis for the requested TRO/injunction is different from the allegations in the complaint and would not be the proper basis for interim relief.

---

[2] *Winter* did not, however, completely reject the validity of the sliding scale approach to preliminary injunctions. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). Under the "sliding scale" approach used in the Ninth Circuit – also dubbed the "serious question" test in *Alliance for Wild Rockies* -- "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id.* at 1131. Thus, even after *Winter*, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132 (citations omitted).

2

A plaintiff is not entitled to injunctive relief based on claims not pled in the complaint because the "court's equitable power lies only over the merits of the case or controversy before it." *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.,* 810 F.3d 631, 633 (9th Cir. 2015); *see, e.g., id.* at 636-38 (district court properly denied plaintiff's request for an injunction to prevent HIPAA violation, where plaintiff had not asserted a claim for a HIPAA violation). Plaintiff wants the TRO/injunction to include preventing the integration of the Fresno Bulldogs "security threat group" into the GP at CTF-Soledad. (A "security threat group" is the current term for what used to be referred to as a prison gang. *Hinojosa v. Davey*, 803 F.3d 412, 416 n.1 (9th Cir. 2015), *reversed on other grounds by Kernan v. Hinojosa*, 136 S. Ct. 1603 (2016).) But the Fresno Bulldogs are not even mentioned in the complaint. Not only are the Fresno Bulldogs not mentioned, the integration of the Fresno Bulldogs into GP seems to raise a different issue than the integration of the GP and SNY populations: the SNY population appears to be the sort of people who are preyed upon, whereas members of a security threat group appear to be the sort of people who prey upon others. Plaintiff does not address this issue at all. A TRO or injunction is not proper to prevent the merger of the Fresno Bulldogs with the GP population because the complaint does not allege any claim related to that merger.

Third, the evidentiary support for the requested TRO falls far short of showing that irreparable harm is likely and imminent if interim relief is not granted. Plaintiff's declaration provides no specific information about any particular threat to him. His declaration indicates that he is a GP prisoner interested in avoiding trouble, but does not explain any specific threat to him individually posed by SNY prisoners being merged with GP prisoners. The only other declaration is from Kim McGill, apparently a non-lawyer who works for the "Youth Justice Coalition." McGill's declaration is full of generalities and hearsay that she has gathered over the years in working for the Youth Justice Coalition and does not show that she has any personal knowledge about the merger, prison operations, or the actual danger posed by the merger of GP and SNY inmates at Plaintiff's prison. Docket No. 6. Additionally, the motion refers to exhibits, *see* Docket No. 2 at 2, but no exhibits were filed with the motion. Plaintiff does not meet his burden to demonstrate that he will suffer immediate and irreparable injury without a TRO.

3

| | |
|---|---|
| 1 | Fourth, the complaint lacks sufficient factual allegations to allow the Court to determine |
| 2 | that there is a likelihood of success on the merits in this action. The conclusory allegations that |
| 3 | mergers have been dangerous in the past are not enough to show that there is a substantial risk of |
| 4 | harm to Plaintiff or that prison officials are being deliberately indifferent to that risk – both of |
| 5 | which are necessary to show an Eighth Amendment violation in the failure-to-protect context. *See* |
| 6 | *Farmer v. Brennan*, 511 U.S. 825, 832-34 (1994). The allegations of the complaint also suggest |
| 7 | that, at least in one circumstance (i.e., where GP prisoners attack SNY prisoners, *see* Docket No. 1 |
| 8 | at 3), any risk of danger is to other prisoners rather than to Plaintiff (who is a GP prisoner). |
| 9 | Plaintiff's failure to demonstrate a likelihood of success on the merits weighs against the issuance |
| 10 | of a TRO. |
| 11 | Finally, even if the foregoing problems did not exist, Plaintiff does not show the need for a |
| 12 | TRO without any notice to the defendants, who have not yet been served with process in this |
| 13 | action. Federal Rule of Civil Procedure 65(b)(1) provides that a TRO can issue without notice to |
| 14 | adverse party only if "specific facts in an affidavit or a verified complaint clearly show that |
| 15 | immediate and irreparable injury, loss, or damage will result to the movant before the adverse |
| 16 | party can be heard in opposition" and the movant certifies in writing the efforts to give notice and |
| 17 | the reasons why notice should not be required. These stringent requirements "reflect the fact that |
| 18 | our entire jurisprudence runs counter to the notion of court action taken before reasonable notice |
| 19 | and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose*, 415 U.S. |
| 20 | at 423. Plaintiff urges that notice should not be required because the merger is imminent and |
| 21 | immediate and irreparable injury will result before defendants can be heard in opposition. Docket |
| 22 | No. 2 at 2. But this merely states the legal standard, and does not actually show that immediate |
| 23 | and irreparable injury will occur if the court does not act before allowing defendants to be heard. |
| 24 | Additionally, Plaintiff does not provide any information about his efforts to give notice to |
| 25 | defendants, as he must under Rule 65(b)(1). Plaintiff's failure to satisfy Rule 65(b)(1) is fatal to |
| 26 | his *ex parte* motion. The Court also notes that, as a result of the class actions in *Plata v. Newson,* |
| 27 | Case No. 01-cv-1351 JST, and *Ashker v. Newsom*, Case No. 09-cv-5796 CW and perhaps other |
| 28 | cases, California prisons are subject to several existing court orders that may address housing |

4

decisions. The possibility that a TRO would conflict with existing court orders about California prison housing decisions provides another compelling reason not to issue a TRO without notice to the defendants.

For the foregoing reasons, Plaintiff's *ex parte* motion for a TRO or injunction is **DENIED**. Docket No. 2.

**IT IS SO ORDERED**.

Dated: April 29, 2019

_____
EDWARD M. CHEN
United States District Judge